ACCEPTED
03-15-00702-CR
7937834
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 9:37:58 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00702-CR (Should be –CV)

In The
COURT OF APPEALS
THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 9:37:58 PM
JEFFREY D. KYLE
Clerk

**WESLEY PERKINS,**
**Respondent - Appellant,**

v.

**STATE OF TEXAS,**
**Plaintiff - Appellee.**

(Brief Due Date presently uncertain)

On Direct Appeal from the
COUNTY COURT AT LAW NO. 3
OF TRAVIS COUNTY, TEXAS
(Visiting Judge/Justice Hon. Michael McCormick, Presiding)

Trial Case No. C-1-CR-14-212016
**STATE v. Perkins**

## APPELLANT'S MOTION TO STRIKE CLERK'S "ORDER" FOR DOCKETING STATEMENT

### Assertion of Rights

PERKINS asserts all his unalienable rights, privileges, and immunities at Natural Law, Common Law, and Maritime Law, and all his commercial rights relevant to "this state."

---

Appellant's Mot. to Strike – Docketing Statement (PERKINS)                    1

## Objection to Non-judicial Decision-making

PERKINS still objects to non-judicial decision-making. *Cf. Gonzalez v. United States*, 553 U.S. 242 (May 12, 2008) ("If the parties consent") (construing 28 U.S.C. § 636**(b)**). Specifically, he objects to judicial "rulings" by the Clerk.

## Objection to use of private law

In general, PERKINS objects to the use of unpublished cases to which he's not a party. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. For such references even to begin to be meaningful, a full copy of the opinion for each "WL" or "Lexis" reference must be attached.

## Motion to Strike

PERKINS moves that the Court strike what appears to be a clerical "order" regarding filing a Docketing Statement. The document of focus is attached.

## Discussion

### Any Docketing Statement submitted is submitted per the normal course.

PERKINS *is* submitting a Docketing Statement, but it's not due to any act of non-consented-to non-judicial decision-making. PERKINS didn't get any confirmation of the existence of the appeal, thus an appellate case number, until very recently.

## The final order is non-viable.

*See* attached. Styled "STATE v. Perkins," the trial court's final judgment is non-viable. Among the threshold questions to be raised is this Court's jurisdiction.

## No consent to non-judicial decision-making.

Where the Notice regarding the Amended Notice of Appeal includes the assertion of *judicial* activity, this one, in direct contrast, makes no such mention. Therefore, the "order" regarding the Docketing Statement is purely clerical. PERKINS does not consent to non-judicial decision-making.

## Conclusion and Request for Relief

There is no need for an "order" regarding, or legal authority for any clerk to enter and "order" regarding, any Docketing Statement.

Therefore, PERKINS requests that this Court strike the clerk's "order" regarding any Docketing Statement in this matter.

Respectfully submitted,

/s/ Wes Perkins
WESLEY PERKINS
11900 Metric Blvd., #J179
Austin, TX 78758
court@wesperkins.com

## Verification

STATE OF TEXAS §

ss. KNOW ALL MEN BY THESE PRESENTS

COUNTY OF TRAVIS §

Before me, the undersigned Notary, personally appeared WESLEY PERKINS, who satisfied me as to his identity, and who, upon administration of oath or affirmation by me, declared and deposed as follows:

I am Wesley Perkins. I normally go by Wes. I am at least 21 years of age, and I am competent to make this Affidavit. I have personal knowledge of these facts, which facts are true and correct.

The facts asserted in this document are true and correct. I don't consent to non-judicial decision-making.

First attached is a true and correct copy of what I've received regarding the document containing the clerical "order" motivating this motion.

Also attached is a true a correct copy of the final ruling in the trial court.

Further, Affiant sayeth not.

Wes Perkins

/s/ Wes Perkins

WESLEY PERKINS, Affiant

Signed and sworn to before me on this the 20 day of November, 2014, for which witness my seal and signature.

Notary Public Signature

(seal)

TIMOTHY JAMES FRUGE
Notary Public, State of Te
My Commission Expire
April 21, 2018

(If seal is not by stamp, or not legible)

Timothy James Frugé

Notary Public Printed Name

My Commission Expires:

4-21-18

## Certificate of Service

By my signature below, I certify that on or about the __~~16th~~ 20th__ day of November, 2015, I served a true and correct copy of this Motion, by hand delivery, email, certified mail, 3-day or faster delivery, or first class mail on the following:

DAVID ESCAMILLA
Travis County Attorney
P.O. Box 1748
Austin, TX  78767
(STATE)

/s/ Wes Perkins
WESLEY PERKINS



# COURT OF APPEALS

## THIRD DISTRICT OF TEXAS

P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

JEFF L. ROSE, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE
CINDY OLSON BOURLAND, JUSTICE

JEFFREY D. KYLE, CLERK

November 10, 2015

Mr. Wesley Eugene Perkins
11900 Metric Blvd. #J179
Austin, TX 78758-3121
\* DELIVERED VIA E-MAIL \*

The Honorable David A. Escamilla
County Attorney
Travis County
P. O. Box 1748
Austin, TX 78767-1748
\* DELIVERED VIA E-MAIL \*

RE:     Court of Appeals Number:     03-15-00702-CR
        Trial Court Case Number:     C-1-CR-14-212016

Style:   Wesley Eugene Perkins
         v. The State of Texas

Dear Counsel and Mr. Perkins:

    The Court has been advised that appellant has given notice of appeal. The cause in this Court will bear the number and style shown above. Appellant is requested to forward a docketing statement to this Court on or before **November 16, 2015**. *See* Tex. R. App. P. 32.2. If appellant has not already done so, he must make a written request to the clerk and the court reporter and make arrangements for payment of the record within ten days of the receipt of this notice. *See* Tex. R. App. P. 34.6(b)(1).

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *Courtland Crocker*
    Courtland Crocker, Deputy Clerk

cc:    The Honorable Dana DeBeauvoir
       Ms. Lauren Miller

NO. C-1-CR- 14-212011c

## JUDGMENT AND SENTENCE
## VERDICT OF GUILTY BY JURY
## PUNISHMENT BY COURT

On this the 28th day of July , A.D. 20 15 this cause being called for trial, came the State of Texas by her County Attorney, and came the Defendant in person by his/her attorney, and the Defendant being duly arraigned, pleaded "Not Guilty" to the charge contained in the information, to wit: _____ and demanded a trial by jury.

Both parties announcing ready for trial, a jury consisting of _____ and five others, were duly selected; impanelled and sworn, according to law, who having heard the information read and the Defendant's plea of "Not Guilty" thereto, and having heard the evidence submitted, and having been duly charged by the Court, having heard argument of counsel, retired to consider their verdict, and afterward returned into open court the following verdict, which was received by the Court and is here now entered upon the minutes of the Court, to wit:

"We, the Jury, find the Defendant, _____

_____

_____

                                        Presiding Juror

And on the _____ day of _____, A.D. 20_____ the Defendant, _____ having filed a motion for the Court to assess punishment in event of conviction, being present in person before the Court for the purpose of having punishment assessed. It is the Order of the Court that the said Defendant is Guilty as found by the Jury and his/her punishment is assessed at a fine of $ _____ and 60 days confinement in the County Jail, and all costs in this behalf incurred.

It is the order of the Court that the said Defendant _____ who has been adjudged Guilty of the offense of _____ be and is hereby sentenced to be imprisoned in the County Jail of Travis County, Texas, for 60 days, and that the State of Texas do have and recover of the Defendant the said fine of $_____ dollars, and all costs of this prosecution.

Defendant is remanded to the custody of the Sheriff of Travis County, Texas who will commit him/her forthwith to the Jail of said County until said period of imprisonment has expired and thereafter until said fine and costs are fully paid or otherwise discharged. It is further ordered that execution may issue against the property of said Defendant for the amount of said fine and costs.

Signed this the 28th day of July , A.D. 20 15

                                        _____
                                        Judge

THE STATE OF TEXAS

VS

Wesley E. Perkins

C-1-CR-14-212016

IN THE COUNTY COURT

AT LAW NO. 3

TRAVIS COUNTY, TEXAS

## JUDGMENT AND SENTENCE
### VERDICT OF GUILTY BY JURY
### PUNISHMENT BY COURT

On this the 28th day of July, A.D. 20 15, this cause being called for trial, came the State of Texas by her County Attorney, and came the Defendant in person by his/her Attorney, and the Defendant being duly arraigned, pleaded "Not Guilty" to the charge contained in the information, to wit: Fleeing Police Officer and demanded a trial by jury.

Both parties announcing ready for trial, a jury consisting of Lance Haile and five others, were duly selected; impanelled and sworn, according to law, who having heard the information read and the Defendant's plea of "Not Guilty" thereto, and having heard the evidence submitted, and having been duly charged by the Court, having heard argument of counsel, retired to consider their verdict, and afterward returned into open court the following verdict, which was received by the Court and is here now entered upon the minutes of the Court, to wit:

"We, the Jury, find the Defendant, Wesley E. Perkins, Guilty, Of the offense of, Fleeing Police Officer."

Lance Haile

Presiding Juror

And on the 28th day of July, A.D. 20 15 the Defendant, Wesley E. Perkins, having filed a motion for the Court to assess punishment in event of conviction, being present in person before the Court for the purpose of having punishment assessed. It is the Order of the Court that the said Defendant is Guilty as found by the Jury and his/her punishment is assessed at a fine of $ 0 and 60 days confinement in the County Jail, and all costs in this behalf incurred.

It is the order of the Court that the said Defendant Wesley E. Perkins who has been adjudged Guilty of the offense of Fleeing Police Officer be and is here sentenced to be imprisoned in the County Jail of Travis County, Texas, for 60 days, and that the State of Texas do have and recover of the Defendant the said fine of $ 0 dollars, and all costs of the prosecution.

Defendant is remanded to the custody of the Sheriff of Travis County, Texas who will commit him/her forthwith the Jail of said County until said period of imprisonment has expired and thereafter until said fine and cost fully paid or otherwise discharged. It is further ordered that execution may issue against the property of Defendant for the amount of said fine and costs.

Signed this the 28th day of July, A.D. 20 15

Judge

8/28/15